UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

─────────────────────────────────────────────

ASPEN AMERICAN INSURANCE COMPANY,

        Appellant,

  v.                                                      Case No. 23-cv-610-bhl-pp

SCOTT CHARMOLI,

        Appellee.

─────────────────────────────────────────────

**ORDER DETERMINING UNDER CIVIL LOCAL RULE 3(c)(4)(A) THAT THIS CASE NO LONGER IS RELATED TO A CASE PENDING IN THE DISTRICT COURT AND DIRECTING CLERK'S OFFICE TO REFER CASE BACK TO JUDGE LUDWIG**

─────────────────────────────────────────────

      In October 2022, the debtor-appellee and his wife filed a joint petition under Chapter 11, Subchapter V of the Bankruptcy Code. <u>In re</u> <u>Scott and Lynne Charmoli</u>, Case No. 22-24358-gmh (Bankr. E.D. Wis.). On December 14, 2022, the debtor-appellee filed a complaint commencing an adversary proceeding against the appellant in Case Number 22-02130-gmh. Dkt. No. 1-2 at 2.

      On January 20, 2023, the appellant filed a motion to withdraw the reference as to the adversary proceeding; the motion was assigned to this court. <u>Charmoli v. Aspen American Insurance Company</u>, Case No. 23-cv-321-pp (E.D. Wis.). On February 14, 2023, the appellant filed a motion to dismiss the adversary complaint under Federal Rule of Civil Procedure 12(b)(6). Dkt.

1

No. 1-2 at 4. See also id. at 6 (appellant filed supplemental briefing in support of the motion to dismiss after debtor-appellee filed an amended complaint).

On April 28, 2023, Chief Bankruptcy Judge Halfenger denied the defendant's motion to dismiss the adversary proceeding, finding that "the factual allegations in Charmoli's operative complaint plausibly suggest that Aspen's rescission of the policies was invalid under Wisconsin law." In re Charmoli, Adv. Proc. No. 22-02130-gmh, 2023 WL 3185264, at *1 (Bankr. E.D. Wis. Apr. 28, 2023). See also Dkt. No. 1-2 at 7 (bankruptcy docket). On May 12, 2023, the defendant appealed Chief Judge Halfenger's decision to the district court, and the case was assigned to District Court Judge Brett Ludwig. Dkt. No. 1. On May 16, 2023, under Civil Local Rule 3(c)(4)(A), Judge Ludwig referred the case to this court for a determination of whether it was related to Charmoli, 23-cv-321-pp. Dkt. No. 2. Judge Ludwig noted that "[b]ased upon Plaintiff Aspen American Insurance Company's Motion for Leave to Appeal, it appears that this case is related to *Charmoli v. Aspen American Insurance Company*, 23-cv-0321-PP, currently pending before Chief Judge Pamela Pepper." Id. (citing Dkt. No. 1 at 10–11 n.4.)

Civil Local Rule 3(c)(4)(A) (E.D. Wis.) states that when "a judge believes that a case pending before that judge is related to a lower-numbered case pending in this District, the judge may refer the case to the judge assigned to the lowest-numbered case with a request that the judge . . . consider whether the cases are related." "The judge assigned to the lowest-numbered case must then enter an order finding whether or not the cases are related, and, if they

are, whether the higher numbered case or cases should be reassigned to that judge." Id.

Although the cases are related (involve the same parties, arise out of the same adversary proceeding), this court denied the appellant's motion to withdraw the reference and dismissed its case on June 13, 2023. Charmoli, Case No. 23-cv-321-pp, Dkt. No. 3. The court therefore no longer has a related pending case, see Civil L.R. 3(c)(1)(A), and finds that the case should be transferred back to Judge Ludwig.

The court **ORDERS** that this case is **REFERRED** back to Judge Ludwig for further proceedings and the clerk must terminate the referral. Dkt. No. 2.

Dated in Milwaukee, Wisconsin this 14th day of June, 2023.

BY THE COURT:

_____
**HON. PAMELA PEPPER
Chief United States District Judge**
