UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ASPEN AMERICAN INSURANCE COMPANY,

        Appellant,

v.

                      Case No. 23-cv-0610-bhl

SCOTT CHARMOLI,

        Appellee.

## ORDER DENYING MOTION FOR LEAVE TO FILE INTERLOCUTORY APPEAL

Interlocutory appeals are disfavored because they "interrupt[] the progress of a case and prolong[] its disposition" *Blair v. Equifax Check Servs., Inc.*, 181 F.3d 832, 835 (7th Cir. 1999) Accordingly, the best and most efficient practice is to postpone appellate challenges until a final decision is rendered. Movant Aspen American Insurance Company asks this Court to disregard this procedural norm and accept interlocutory appeal from a Bankruptcy Court Order denying Aspen's motion to dismiss. The issue is whether the Bankruptcy Court misconstrued Wis. Stat. § 631.11(4)(b), a state statute limiting an insurer's power to rescind its insurance policy. Because Aspen has not convinced the Court that this question warrants immediate review, its motion for leave to file an interlocutory appeal will be denied.

## BACKGROUND[1]

Scott Charmoli graduated from the Marquette University School of Dentistry in May 1986 and spent approximately the next 30 years as a practicing dentist in Wisconsin. (Motion to Establish Deadline to File Proofs of Claim 22-24358-gmh, ¶5.) Toward the end of his career, he applied for and obtained three successive professional liability insurance policies from Aspen American Insurance Company. (Adversary Proceeding 22-2130-gmh, ECF No. 1 ¶11.) The

---

[1] When reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)—made applicable to adversary proceedings by Fed. R. Bankr. P. 7012(b)—the bankruptcy court accepts as true all well-pled factual allegations in the complaint and draws all reasonable inferences in the plaintiff's favor. *See Aschroft v. Iqbal*, 556 U.S. 662, 678 (2009). On appeal from a grant or denial of a motion to dismiss, an appellate court applies the same standard. *See Proft v. Raoul*, 944 F.3d 686, 690 (7th Cir. 2019). This background is, therefore, drawn from Appellee Scott Charmoli's Adversary Complaint, the allegations in which, the Court must presume as true.

policies ran from March 1, 2018 through March 1, 2021. (*Id.*) As part of his application, Charmoli was asked whether he had failed to report "[a]ny situation that could lead to a malpractice suit against [him]." (Case No. 23-0610, ECF No. 1 at 7.) He answered "No." (*Id.* at 8.) This may not have been an entirely honest response.

In December 2020, the United States Department of Justice filed a ten-count indictment accusing Charmoli of health care fraud and making false statements related to health care matters. (Case No. 20-cr-0242-LA-1, ECF No. 1.) The specific allegations were something out of a dentophobe's nightmare, describing a scheme whereby Charmoli would intentionally break patients' teeth to justify expensive crown procedures for which health care benefit plans would foot the bill. (*Id.*) While the criminal case was pending, 90 former patients brought four different civil suits against Charmoli in Washington County Circuit Court. These lawsuits alleged claims for negligence, fraud and other intentional torts, all arising from the same scheme that formed the basis of the indictment. (Motion to Establish Deadline to File Proofs of Claim 22-24358-gmh, ¶¶6, 8-9.) Aspen was a party to each of the civil cases, and one of the lawyers representing Aspen in those cases also represented Charmoli in his criminal case. *See In re Charmoli*, Case No. 22-24358-gmh, Adv. Proc. No. 22-02130-gmh, 2023 WL 3185264, at *3 (Bankr. E.D. Wis. Apr. 28, 2023).

Charmoli's criminal case ended with a March 2022 jury trial in which he was convicted of five counts of health care fraud and two counts of making false statements related to health care matters. (Motion to Establish Deadline to File Proofs of Claim 22-24358-gmh ¶7 (*Id.* ¶7.) On August 26, 2022, when Chamoli's conviction became final and unappealable, Aspen mailed him a letter stating it was rescinding his insurance policies, pursuant to Wis. Stat. § 631.11(4)(b), on grounds that he had failed to disclose his potential liability for the fraudulent crown scheme. (Adversary Proceeding 22-2130-gmh, ECF No. 1 ¶18; ECF No. 1-1.)

On October 3, 2022, with the four Washington County civil suits still pending and the extent of his liability unclear, Charmoli and his wife filed a petition for relief under subchapter V of chapter 11 of the Bankruptcy Code. (Motion to Establish Deadline to File Proofs of Claim 22-24358-gmh, ¶12.) On December 14, 2022, Charmoli commenced an adversary proceeding against Aspen, seeking a declaration that the Aspen insurance policies remained in force and effect and that Aspen must defend and indemnify him, if necessary, for claims asserted in the Washington

County civil cases and the main bankruptcy case. (Adversary Proceeding 22-2130-gmh, ECF No. 1 ¶23.)

On February 14, 2023, Aspen filed a motion to dismiss the adversary proceeding, arguing that it had properly rescinded Charmoli's insurance policies, as a matter of law, under Wis. Stat. § 631.11(4)(b). (Case No. 23-0610, ECF No. 1 at 11.) Section 631.11(4)(b) provides:

> If after issuance of an insurance policy an insurer acquires knowledge of sufficient facts to constitute grounds for rescission of the policy under this section . . ., the insurer may not rescind the policy . . . unless the insurer notifies the insured within 60 days after acquiring such knowledge of its intention to either rescind the policy . . ., or within 120 days if the insurer determines that it is necessary to secure additional medical information.

Aspen's position was that it "could not have acquired the requisite knowledge to trigger [Section 631.11(4)(b)'s] 60-day clock until Charmoli's misrepresentation on the policy was conclusively determined based on a finding of criminal liability." *In re Charmoli*, 2023 WL 3185264, at *4. Thus, its notice of intent to rescind—issued within 60 days of the date Charmoli's conviction became final and unappealable—indisputably established a valid rescission.

The Bankruptcy Court saw the matter differently. In an April 28, 2023 Order, it denied Aspen's motion, explaining that "[r]eading the statute as Aspen proposes . . . renders meaningless the statute's final provision, which extends the 60-day period to 120 days 'if the insurer determines that it is necessary to secure additional medical information.'" *Id.* (quoting Wis. Stat. § 631.11(4)(b)). The court rejected Aspen's narrow interpretation of the statute, concluding that an insurer might, in some situations, acquire knowledge justifying rescission even in the absence of a final, criminal conviction. *Id.* at *6. And because Charmoli had plausibly pleaded that Aspen had such knowledge more than 60 days before it issued its notice of intent to rescind, the court held that it could not resolve the case on the pleadings and denied Aspen's motion to dismiss. *Id.* at *7. Aspen now seeks leave to challenge that denial on interlocutory appeal before this Court.

## LEGAL STANDARD

Interlocutory appeals are a "disfavored" exception to the to the "traditional and basic principle" that limits appellate jurisdiction to "final decisions." *United States v. MacDonald*, 435 U.S. 850, 853 (1978). That said, under 28 U.S.C. § 158(a)(3), "district courts of the United States [] have jurisdiction to hear appeals . . . from . . . interlocutory orders and decrees . . . of bankruptcy judges." Section 158 sets forth no standard for assessing the propriety of an interlocutory appeal,

so courts crib from 28 U.S.C. § 1292(b), which governs interlocutory appeals from the district court to the court of appeals. *See In re Archdiocese of Milwaukee*, 482 B.R. 792, 797 (E.D. Wis. 2012). "Under that test, an interlocutory appeal is appropriate when it involves a controlling question of law over which there is a substantial ground for difference of opinion, and an immediate appeal from the order may materially advance the termination of the litigation." *Id.* The party seeking an appeal bears the burden of proving these elements. *Id.* at 797-98.

## ANALYSIS

Aspen frames its question on appeal as follows:

> Did the Bankruptcy Court err in denying Aspen's Motion to Dismiss and in finding that, under Wis. Stat. § 631.11(4)(b), Aspen could have had knowledge of sufficient facts constituting grounds to rescind the Aspen Policies prior to the date that proof of [Charmoli's] misrepresentation was determined in [criminal court] through the entry of final judgment that was not thereafter appealed?

(23-0610, ECF No. 1 at 12.) To justify an interlocutory appeal under Section 1292(b), this must represent a (1) controlling question of law (2) over which there is a substantial ground for difference of opinion (3) the resolution of which will materially advance the termination of the litigation. The first element is satisfied, but the second and third are not. Aspen's motion for leave to appeal will, therefore, be denied.

**I.     Aspen Has Identified a Controlling Question of Law.**

As used in Section 1292(b), question of law refers "to a question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine." *Ahrenholz v. Bd. of Trs. of Univ. of Ill.*, 219 F.3d 674, 676 (7th Cir. 2000). That question is "'controlling' if its resolution is quite likely to affect the further course of the litigation, even if not certain to do so." *Sokaogon Gaming Enter. Corp. v. Tushie-Montgomery Assocs., Inc.*, 86 F.3d 656, 659 (7th Cir. 1996). Aspen's proposed appeal concerns the meaning of a statutory provision (Section 631.11(4)(b)), the interpretation of which might significantly alter the amount of money recoverable in Charmoli's main bankruptcy proceeding. As even the Bankruptcy Court, itself, acknowledged, this represents a controlling question of law. (Case No. 23-0610, ECF No. 5 at 6.)

## II. There Is Not a Substantial Ground for Difference of Opinion Over the Controlling Question of Law Aspen Identifies.

Courts generally find "a substantial ground for difference of opinion" only where a movant demonstrates "'a substantial likelihood' that the interlocutory order will be reversed on appeal." *Fund Recovery Servs., LLC v. Kitchen*, No. 22 C 5351, 2023 WL 415549, at *1 (N.D. Ill. Jan. 25, 2023) (citing *In re MCK Millennium Ctr. Parking, LLC*, No. 12 B 24676, 2015 WL 2004887, at *4 (N.D. Ill. Apr. 29, 2015)). Aspen argues for a more relaxed standard, whereby novel questions, by the very nature of their novelty, create a substantial ground for difference of opinion. (Case No. 23-0610, ECF No. 4 at 8.) In support, it cites *Natural Resources Defense Counsel v. Illinois Power Resources, LLC*, No. 1:13-cv-01181-JBM-TSH, 2016 WL 9650981, at *4 (C.D. Ill. Nov. 2, 2016), in which the Central District of Illinois stated that "courts have [] found an issue [creates a substantial ground for difference of opinion] based on its novelty." Continuing down the rabbit hole, *Natural Resources* extracted this principle from *Van Straaten v. Shell Oil Products Company, LLC*, 813 F. Supp. 2d 1005, 1020 (N.D. Ill. 2011), *rev'd on other grounds by* 678 F.3d 486 (7th Cir. 2012) and *City of Joliet v. Mid-City National Bank*, No. 05 C 6746, 2008 WL 4889038, at *2 (N.D. Ill. June 13, 2008), *aff'd sub nom. by City of Joliet v. New West, L.P.*, 562 F.3d 830 (7th Cir. 2009). But neither *Van Straaten* nor *Joliet* stands for the proposition that novelty, on its own, renders an issue ripe for interlocutory appeal. Rather, both cases treat novelty *as a factor* bolstering the "substantial likelihood" of reversal on appeal. *See Joliet*, 2008 WL 4889038, at *2; *Van Straaten*, 813 F. Supp. 2d at 1020-21. Just because an issue is novel, though, does not necessarily mean it is contentious. For example, the first court asked to determine whether the phrase "eighteen years of age" as used in the Twenty-Sixth Amendment refers to Earth years or Martian years would hardly conclude that the absence of precedent creates a substantial ground for difference of opinion on the issue. U.S. CONST. amend. XXVI, § 1. Accordingly, the novelty of Aspen's proposed question and the absence of binding authority on the matter are not independently sufficient grounds for interlocutory appeal. Aspen must still demonstrate a substantial likelihood that the Bankruptcy Court's order will be reversed. This, it cannot do.

As the Bankruptcy Court explained in its order denying Aspen's motion to dismiss, when interpreting statutes, Wisconsin courts avoid constructions that render clauses superfluous. *See In re Charmoli*, 2023 WL 3185264, at *4. Yet reading Section 631.11(4)(b) "as Aspen proposes . . . renders meaningless the statute's final provision." *Id.* That final provision extends the 60-day window to issue notice of intent to rescind to 120 days "if the insurer determines that it is necessary

to secure additional medical information." Wis. Stat. § 631.11(4)(b). But "[i]f the statutory period begins only when an insurer learns facts that *conclusively* establish grounds for rescission, then the 120-day period would never apply: how could an insurer have *conclusive* knowledge, triggering the 60-day clock, but still need '*additional* . . . information'?" *In re Charmoli*, 2023 WL 3185264, at *4 (quoting Wis. Stat. § 631.11(4)(b) (emphasis in original).

Aspen argues that the Bankruptcy Court misunderstood its argument, which does not render the statute's final provision meaningless. That final provision, it contends, "exclusively pertains to scenarios in which insurers require *additional medical information*," not the non-medical information necessary to establish Charmoli's misrepresentations. (Case No. 23-cv-0610, ECF No. 4 at 9) (emphasis added). In other words, "[t]he last provision in § 631.11(4)(b) provides an insurer additional time to secure additional medical information in the health insurance and life insurance context because, in those cases, an insured's misrepresentation could be conclusively established by obtaining medical records." (*Id.*) One need only take a few steps back to see that Aspen's argument is self-defeating. If only "additional medical information" can conclusively establish a misrepresentation, and only "conclusive" facts are "sufficient . . . to constitute grounds for rescission," then why would an insurer ever need "additional time to secure additional medical information"? "[T]he notice period is triggered by the insurer's acquisition of . . . 'knowledge of sufficient facts to constitute grounds for rescission.'" *Kue v. Farmers New World Life Ins.*, No. 12-C-853, 2013 WL 12111089, at *3 (E.D. Wis. Oct. 2, 2013) (quoting Wis. Stat. § 631.11(4)(b)). According to Aspen, this "acquisition" of knowledge is conterminous with the acquisition of the "additional medical information." So the notice period would not begin running until the additional medical information was already in hand, obviating the need for "additional time" to secure such information.

Additionally, as the Bankruptcy Court recognized, Aspen's interpretation reads all sorts of phantom clauses into the statute. *See In re Charmoli*, 2023 WL 3185264, at *6 ("Perhaps Aspen's proposed construction requires only the preclusive effect of a judgment of conviction, rather than epistemological certainty. But what would justify that construction?"). Nothing in Section 631.11(4)(b) indicates that whether an insurer has knowledge of sufficient facts to constitute grounds for rescission turns on the outcome of a legal proceeding against the insured. Nor does the statute define "sufficient" as "conclusive." In effect, Aspen asked the Bankruptcy Court to draft it a more favorable version of Section 631.11(4)(b). The court's refusal comported with

Wisconsin law. *See In re P.*, 349 N.W.2d 743, 745 (Wis. Ct. App. 1984) ("[I]t is not our function to rewrite [a] statute.").

The Bankruptcy Court also explained why Aspen's interpretation of the statute conflicted with common-law principles, *see In re Charmoli*, 2023 WL 3185264, at *4 n.7, and corrected a misreading of *Broege v. Lincoln National Life Insurance Company*, No. 11-cv-566, 2012 WL 13069918, at *5 (W.D. Wis. Apr. 9, 2012), which formed the basis for Aspen's argument (reprised in its motion for leave to appeal) that only conclusive facts trigger the 60-day notice period. *In re Charmoli*, 2023 WL 3185264, at *6 n.13. Such thorough, well-supported analysis is unlikely to be upset on appeal, even in the absence of relevant precedent. Aspen has supplied no reason to think otherwise. As a result, the Court finds no substantial ground for difference of opinion here.

### III. Interlocutory Appeal Is Not Likely to Materially Advance Termination of This Litigation.

Even if Aspen could show substantial ground for difference of opinion, it would still fail on the third element necessary to win interlocutory appeal. As the Bankruptcy Court illustrated in its order denying Aspen's request for a stay, an interlocutory appeal would not materially advance termination of this litigation; it would only "deplete the bankruptcy estate's resources." (Case No. 23-cv-0610, ECF No. 5 at 10.) Indeed, every dollar lost quibbling over a radical pre-discovery dismissal theory "is a dollar [Charmoli's] bankruptcy estate can't distribute to former patients and other creditors, regardless of who ultimately prevails in [the] adversary proceeding." (*Id.*) Participating in discovery and developing a full factual record will not deprive Aspen any right to appeal, but prolonging the case with an interlocutory appeal will certainly prejudice Charmoli's estate. Under these circumstances, interlocutory appeal is inappropriate.

### CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Movant Aspen American Insurance Company's Motion for Leave to File Interlocutory Appeal, (ECF No. 1), is **DENIED**, and the Clerk of Court is directed to close the case.

Dated at Milwaukee, Wisconsin on July 17, 2023.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge